UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:23-cr-00149-APG-BNW |
|---|---|
| Plaintiff | **Order Granting in Part the Government's Motion in Limine Regarding the Defendant's Expert's Testimony** |
| v. | |
| DAVID BORUCHOWITZ, | [ECF No. 46] |
| Defendant | |

The Government moves in limine to exclude testimony from the defendant's police practices expert, Jeronimo Rodriguez. Defendant David Boruchowitz argues that Rodriguez's testimony is relevant and should be allowed. The parties are familiar with the facts, so I repeat them here only as necessary to decide the motions. I grant in part the Government's motion to exclude expert testimony, as set out in more detail below.

**I. DISCUSSION**

The Government argues that Rodriguez's proffered testimony is irrelevant, misleading, and makes an impermissible legal conclusion. Boruchowitz responds that Rodriguez's opinions are relevant to whether Boruchowitz's arrest of Evans was unlawful and whether he acted willfully, as is required to convict him under 18 U.S.C. § 242.

To be relevant, evidence must have "any tendency" to make a material fact "more or less probable than it would be without the evidence." Fed. R. Evid. 401. I may exclude relevant evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### A. Probable Cause

Generally, an expert opinion "is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). But the expert may not instruct the jury on the law or state a legal conclusion. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). "[I]f the terms used by an expert witness do not have a specialized meaning in law and do not represent an attempt to instruct the jury on the law, or how to apply the law to the facts of the case, the testimony is not an impermissible legal conclusion." *United States v. Diaz*, 876 F.3d 1194, 1199 (9th Cir. 2017). Whether an officer had probable cause to arrest is a legal conclusion. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (finding that the district court abused its discretion by denying a motion in limine seeking to bar witnesses from testifying as to their own opinions about whether there was probable cause to arrest the plaintiff); *Stuart v. United States*, 23 F.3d 1483, 1487 (9th Cir. 1994) (affirming the district court's decision to preclude questioning an expert about whether probable cause existed to make a traffic stop, "a question that [the expert] was not as well-qualified as the trier of fact to answer").

Rodriguez's report indicates that he "was asked to review the Nye County Sheriff's Office's belief that Ms. Evans had committed a crime and opine whether it aligned with generally accepted practices." ECF No. 46 at 28. Although Rodriguez does not always use the legal phrase "probable cause," his report applies the facts of the case to conclude that there were sufficient grounds to arrest Evans. Boruchowitz argues that Rodriguez should be allowed to state this opinion because probable cause is an objective standard comparable to professional malpractice and does not go to an ultimate issue because it is only one element of the crime charged. ECF No. 52 at 8-10. However, expert opinion is required in medical or legal

malpractice cases only when the negligence is not "within the ordinary knowledge and experience of a layman." *Allyn v. McDonald*, 910 P.2d 263, 266 (Nev. 1996). Whether a given set of facts constitutes probable cause to arrest or charge for a crime is within a jury's ordinary knowledge and experience, as reflected in the constitutional requirement of indictment by grand jury. U.S. Const. Amend. V; *United States v. Bergeson*, 425 F.3d 1221, 1226 (9th Cir. 2005) ("All a federal grand jury needs to indict is probable cause." (simplified)). Regardless of whether it goes to an element or an ultimate issue, the existence of probable cause is a legal conclusion that must be left to the jury. *See Stuart*, 23 F.3d at 1487. I therefore grant the Government's motion to prohibit Rodriguez from testifying as to whether Boruchowitz had probable cause to arrest Evans.[1]

### B. Credibility of Sources

The Government also argues that Rodriguez's report improperly opines on the credibility of other witnesses. Boruchowitz does not respond to this argument in his opposition. "An expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a witness' credibility." *United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989). Rodriguez states that Boruchowitz received invoices from "a credible source working for Valley Electric." ECF No. 46 at 21. The jury is entitled to determine whether the Valley Electric employee's information was credible based on the facts presented at trial. I thus grant the Government's motion to prohibit Rodriguez from testifying about whether informants or witnesses were credible.

---

[1] Because I grant the Government's motion to exclude Rodriguez's opinion on whether there was probable cause to arrest Evans, I need not address its request to preclude Rodriguez from relying on post-arrest information to support probable cause. Rodriguez may discuss post-arrest information or actions to the extent they are relevant to rebutting willfulness as described in this order.

**C. Willfulness**

Boruchowitz argues that Rodriguez's report and testimony will demonstrate that Boruchowitz complied with Nye County Sheriff's Office (NCSO) policies during the investigation leading up to Evans' arrest, making it less likely that he willfully violated her rights. In support, he offers Rodriguez's supplemental report, which opines that Boruchowitz complied with NCSO policies on street sources, informants, searches, and search warrants. ECF No. 52-1.

Although the Ninth Circuit has not specifically addressed whether training records may be used to show willfulness (or lack thereof) under § 242, several circuits have held that deviation from training or policy may be relevant to whether the defendant acted willfully. *See United States v. Rodella*, 804 F.3d 1317, 1337-38 (10th Cir. 2015).[2] And at least the Seventh Circuit has indicated that compliance with training or policy might make it less likely that an officer willfully deprived another of a right in the use-of-force context. *United States v. Brown*, 871 F.3d 532, 538 (7th Cir. 2017).

Rodriguez's testimony on NCSO policies and procedures would be helpful to the jury in understanding the difference between street sources and informants and how to treat information from such sources. Those concepts are peculiar to law enforcement and not within the average person's knowledge, as is applying for and executing a search warrant. Rodriguez may thus testify about whether NCSO's policies on these investigative methods conform to the national

---

[2] *See also United States v. Brown*, 934 F.3d 1278, 1296-97 (11th Cir. 2019); *United States v. Proano*, 912 F.3d 431, 438-39 (7th Cir. 2019). Other district courts in the Ninth Circuit have also allowed training and policy evidence as probative of willfulness. *United States v. Bowen*, No. CR-18-01013-001-TUC-CKF (DTF), 2019 WL 3238469, at *3 (D. Ariz. July 18, 2019); *United States v. Perez*, No. ED CR 13-00087-(A)-VAP, 2014 WL 12689229, at *7 (C.D. Cal May 15, 2014).

standard and whether Boruchowitz's conduct conformed to the policies. Rodriguez may not, however, testify in a way that offers a legal conclusion such as whether Boruchowitz sufficiently corroborated his source's information, formed a reasonable belief that Evans committed a crime, or conformed to his training "to execute a probable cause arrest." *See* ECF No. 52 at 11. Rodriguez also may not instruct the jury on the legal standards for probable cause or proof beyond a reasonable doubt, which he describes in his original report. ECF No. 46 at 29.

I THEREFORE ORDER that the Government's motion in limine **(ECF No. 46) is granted in part** as set forth above.

DATED this 27th day of November, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE