UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:23-cr-00149-APG-BNW |
|---|---|
| Plaintiff | **Order Granting Defendant David Boruchowitz's Motion in Limine to Exclude Lewis Roca Internal Investigation Report and References to Report Findings in Other Evidence/Testimony** |
| v. | |
| DAVID BORUCHOWITZ | |
| Defendant | [ECF No. 49] |

    Defendant David Boruchowitz moves in limine to exclude an internal investigation report commissioned by the Valley Electric Association, Inc. (VEA) and conducted by the law firm Lewis Roca Rothgerber Christie to determine whether Angela Evans violated internal VEA policies or state laws. He argues that the report, along with any mentions of its findings in other testimony and evidence, should be excluded as (1) irrelevant, (2) unfairly prejudicial, and (3) inadmissible hearsay. Although the Government has stated it will not seek to introduce the report into evidence, it is planning to introduce Evans's termination letter, which mentions the report's finding of no criminal wrongdoing by Evans. ECF Nos. 62 at 2; 49-3 at 2-3. Boruchowitz contends that the "only purpose for introducing the termination letter would be to find a 'back door'" to introduce the report because neither party disputes that Evans was terminated. ECF No. 49 at 4. Boruchowitz also asserts that references to the report's exoneration finding, including in Evans's termination letter, are irrelevant because any post-arrest findings on whether Evans violated state law or VEA policies have nothing to do with determining whether he had probable cause to arrest her or engaged in a scheme to defraud. He also argues that the

report will invite a mini trial on the document and that admitting references to the exoneration finding would be unfairly prejudicial because (1) it will "lend[] the imprimatur" of "respected" organizations and individuals (Lewis Roca; Josh Reid, the report's author; the VEA), and (2) it will lead the jury to "conclude [Evans] did nothing wrong." *Id.* at 5-6.  Finally, he argues that Evans's termination letter is inadmissible hearsay because it is offered for the truth of the matter asserted (that Evans did not commit a crime) and contains multiple layers of inadmissible hearsay.

The Government responds that Evans's termination letter, including the references to the Lewis Roca report findings, is relevant to proving materiality in counts two through five because the letter helps to prove that Boruchowitz's alleged scheme to defraud influenced the VEA's decision to fire Evans, despite the results of the outside investigation.  According to the Government, this relevance outweighs any potential unfair prejudice, which could be ameliorated by a limiting instruction.  As for hearsay, the Government argues that it is not offering Evans's termination letter and its references to the report findings for the truth of the matter asserted (that Evans was fired and was cleared of criminal wrongdoing), but rather to show that the arrest was material to the VEA's decision to terminate her.  Alternatively, it asserts that the state of mind exception applies, because the letter shows the author's (VEA's vice president on behalf of the VEA board) state of mind, in expressing his beliefs about and motivations for Evans's termination.  It also argues that the termination letter is a verbal act with independent legal significance.

At the December 12, 2024 hearing on this motion, the Government asserted that the evidence is also relevant to prove willfulness in count one because post-arrest acts could serve as after-the-fact, circumstantial evidence of intent.  It also contended that the evidence provides

context for the alleged scheme and is thus relevant to show that Boruchowitz perjured himself as charged in count six. In response, Boruchowitz argued that the evidence is irrelevant to willfulness because the report and the termination letter are not Boruchowitz's subsequent acts and thus do not show his intent. Similarly, he argued that Lewis Roca's and the VEA's states of mind, evidenced in the report and the termination letter, are also irrelevant to the perjury charge.

Because I have dismissed counts two through five, and references to the report are not relevant to counts one and six, the evidence is irrelevant and its little—if any—probative value is substantially outweighed by its prejudicial effect. I therefore grant the motion and exclude the report, its findings, and any evidence or testimony relating to its findings.

## I.     FACTS

Because the parties are familiar with the facts of the case, I recount only the details relevant to this motion. Sometime in 2019, the VEA commissioned Lewis Roca Rothgerber Christie to conduct an internal investigation about VEA projects completed on Evans's property, to determine whether Evans "violated VEA policies, bylaws, the terms and conditions of her employment with VEA or any state laws." ECF No. 49-2 at 2. Lewis Roca released its report about two months after Boruchowitz arrested Evans. As relevant here, the report found that (1) Evans violated VEA policy, (2) Evans "did not commit any illegal acts with respect to the Property," and (3) "the allegations made by the Nye County Sheriff's Office relating to Ms. Evans'[s] actions [were] unfounded." *Id.* at 2-3.

In June 2019, VEA terminated Evans from her at-will employment. ECF No. 49-1 at 2. Her termination letter made two references to the report's findings: (1) that "allegations that [Evans] violated VEA policies were founded," and (2) that "the allegations that [Evans] engaged in criminal conduct were unfounded." *Id.* at 2 & n.1. The termination letter stated that despite

3

the finding of no criminal wrongdoing, the continued public distrust of Evans following her arrest forced VEA to fire her. *Id.* at 2-3.

## II. ANALYSIS

Under Federal Rule of Evidence 104(a), I decide the preliminary question of whether "'evidence is admissible.'" *United States v. Evans*, 728 F.3d 953, 960 (9th Cir. 2013) (quoting Fed. R. Evid. 104(a)). Under Rule 402, evidence must be relevant to be admissible, and under Rule 401, evidence is relevant if it has "any tendency" to make a material fact "more or less probable than it would be without the evidence." Under Rule 403, I may exclude relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice speaks to "an undue tendency to suggest decision on an improper basis." Fed. R. Evid. 403, advisory committee notes to 1972 Proposed Rules. I may also exclude "cumulative evidence when it has little incremental value." *United States v. Miguel*, 87 F. App'x 67, 68 (9th Cir. 2004).

I granted Boruchowitz's motion to dismiss counts two through five of the indictment. The remaining charges against Boruchowitz are count one, deprivation of rights under color of law, and count six, perjury. The Government's primary argument for the relevance of the report findings and termination letter is that they help to establish the arrest was material to the VEA's decision to fire Evans. But this argument applies only to the dismissed wire fraud charges. Materiality of the arrest is irrelevant to counts one and six. The post-arrest report's finding that Evans did not engage in criminal wrongdoing and the termination letter do not help to prove or disprove whether Boruchowitz had probable cause to arrest Evans at the time of the arrest.

As to the Government's argument that the evidence serves as circumstantial evidence of willfulness in count one, the Government is correct that it may prove intent by "acts that were subsequent to the actions at issue." *United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017); *see also Benchwick v. United States*, 297 F.2d 330, 336 (9th Cir. 1961) ("When the defendant's intent is at issue, a wide range of evidence as to [the defendant's] subsequent acts may well be relevant to the issue of prior intent, and hence be admissible . . . .[The defendant's actions] w[ere] relevant to a determination of the state of mind with which the defendant played his part in these events."). However, these documents and the statements within them are the subsequent acts and statements of Lewis Roca and the VEA, not Boruchowitz. Neither the report nor the letter speaks to Boruchowitz's actions or state of mind after the arrest. Thus, the Lewis Roca report, references to the report findings, and the termination letter are irrelevant to count one.

The Governments argues that the evidence is relevant to count six because it provides context of the alleged scheme attached to the perjury charge. Count six alleges that Boruchowitz perjured himself during a civil lawsuit because he falsely denied (1) communicating with others about VEA Members for Change (VEAMC), (2) knowing about K.J.'s bias against Evans, (3) knowing that K.J. had demanded the VEA Board's resignation, and (4) that K.J. was the tipster for the search warrant. The Lewis Roca report and the VEA termination letter are not relevant to proving that Boruchowitz made the allegedly false statements about these matters. Even assuming that the report and the termination letter might provide context for the alleged scheme, the Government has not stated how this evidence would not duplicate other, more direct evidence of the alleged scheme and termination, such as testimony by VEA members. Nor does the Government address the potential danger of the jury improperly using references to the

report's exoneration findings in determining whether Boruchowitz had probable cause to arrest Evans. I recognize that exclusion of evidence under Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) (quotation omitted). But as I noted above, the Government has other ways to introduce more direct contextual evidence of the alleged scheme without incurring the significant potential for unfair prejudice from the report's findings and the termination letter. And because other evidence will provide sufficient context of the alleged scheme, the termination letter has little incremental value. *See United States v. Jones*, 85 F. App'x 569, 570 (9th Cir. 2003) (affirming district court ruling that evidence was cumulative because there was "sufficient evidence . . . on the record" of what the excluded evidence sought to demonstrate). Thus, even if the report's findings and the letter are minimally relevant to count six, their probative value is substantially outweighed by the danger of needlessly presenting cumulative and unfairly prejudicial evidence.

I therefore grant the motion in limine and exclude Evans's termination letter and the Lewis Roca report, its findings, and any evidence or testimony relating to it. This includes references to those materials in testimony by Evans or any other witness.

### III. CONCLUSION

I THEREFORE ORDER that defendant David Boruchowitz's motion to exclude the Lewis Roca report and its findings, including in Evans's termination letter and witness testimony, **(ECF No. 49) is GRANTED**.

DATED this 18th day of December, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE