SUE FAHAMI
Acting United States Attorney
Nevada Bar No. 5634
STEVEN W. MYHRE
Assistant United States Attorney
Nevada Bar No. 9635
JUSTIN W. WASHBURNE
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Steven.Myhre@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID E. BORUCHOWITZ,<br><br>Defendant. | Case No. 23-CR-00149-APG-BNW<br><br>**Plea Agreement for Defendant David Boruchowitz Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B)** |

This plea agreement between David E. BORUCHOWITZ ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, and fines in the above-captioned case. This agreement binds only defendant and the USAO and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Counts One and Four of the Criminal Indictment filed in this case, which charges defendant with one count of Deprivation of Rights Under Color of Law and one count of Fraud by Wire, in violation of Title 18, United States Code, Sections 242 and 1343, respectively;

    b. Stipulate to the facts agreed to in this agreement;

    c. Abide by all agreements regarding sentencing contained in this agreement;

    d. Not seek to withdraw defendant's guilty plea once it is entered;

    e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

    f. Not commit any federal, state, or local crime;

    g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

    h. Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Officer for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form

provided by the USAO, to include all supporting documentation, and return it to the USAO within ten (10) days from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information.

        i.      Defendant agrees that restitution may be ordered due and payable in full immediately after the judgment is entered, and that the full amount of any restitution ordered is subject to immediate enforcement and collection by the USAO or defendant's victims, or both. Defendant agrees that any schedule of payments entered by the district court is a schedule of the minimum payment due and does not prohibit or limit the methods by which the USAO may immediately enforce and collect the judgment in full. Defendant acknowledges that restitution may no be discharged, in whole or in part, in a present or future bankruptcy proceedings.

**II. THE USAO'S OBLIGATIONS**

2.      The USAO agrees to:

        a.      Stipulate to facts agreed to in this agreement;

        b.      Abide by all agreements regarding sentencing contained in this agreement;

        c.      At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1;

        d.      At sentencing, move to dismiss the remaining counts of the Indictment as against defendant. Defendant agrees, however, that the district court may consider any dismissed charges in determining the applicable sentencing guideline range, the propriety and extent of any departure from that range, and the sentence to be imposed; and

        e.      Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO.  Defendant agrees that the district court at sentencing may

consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

### III. ELEMENTS OF THE OFFENSE

3. <u>Count One</u>: The elements of Deprivation of Rights Under Color of Law under Title 18, United States Code, Section 242 are as follows:

<u>First</u>: The defendant was acting under color of law when he arrested Angela Evans;

<u>Second</u>: The arrest deprived Angela Evans of her right to be free of an ureasonable seizure not based on probable cause, which is a right secured by the Fourth Amendment to the Constitution of the United States; and

<u>Third</u>: The defendant acted willfully, that is, the defendant acted with the intent to deprive Angela Evans of that right.

9th Cir. Civ. Jury Instr. 9.3 (2022) (modified).

4. <u>Count Four</u>: The elements of Fraud by Wire under Title 18, United States Code, Section 1343 are as follows:

<u>First</u>: The defendant knowingly participated in, devised, or intended to devise, a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

<u>Second</u>: The scheme to defraud, or the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property.

<u>Third</u>: The defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

<u>Fourth</u>: The defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

9th Cir. Crim. Jury Instr. 15.35 (2022).

## IV. CONSEQUENCES OF CONVICTION

5. <u>Maximum Statutory Penalties</u>:

   a. Defendant understands that the statutory maximum sentence the district court can imposed for a violation of Title 18, United States Code, Section 242 as charged in Count One of the Criminal Indictment is: one year imprisonment; one year of supervised release; a fine of $100,000 and a mandatory special assessment of $25.

   b. Defendant understands that the statutory maximum sentence the district court can impose for a violation of Title 18, United States Code, Section 1343, as charged in Count Two of the Criminal Indictment is: 20 years' imprisonment; 3 years' supervision; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense; and a mandatory special assessment of $100.

   c. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: twenty-one (21) years' imprisonment; three (3) years' supervised release; a fine of $350,000 or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $125.

6. <u>Restitution</u>: Defendant understands that the defendant may be required to pay full restitution to a victim of the offense to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of: (a) any relevant conduct, as defined in USSG § 1.B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in USSG § 1B1.3, in connection with those counts.

5. <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

6. <u>Supervised Release</u>: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense[s] that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum limits the district court's discretion in determining defendant's sentence.

8. <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

9. <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some

circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## V. FACTUAL BASIS

10. Defendant admits that he is, in fact, guilty of the offenses to which he is agreeing to plead guilty. Defendant acknowledges that if he elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offenses. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offenses. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct.

### Count One

On or about February 26, 2019, the defendant was a Deputy Sheriff with the Nye County Sheriff's Office, Nye County, Nevada. While acting under color of law in that position, the defendant arrested Angela Evans without probable cause on charges of embezzlement under Nevada law. In making the arrest, the defendant willfully deprived Angela Evans of her right under the Fourth Amendment of the Constitution of the United States to free of unreasonable seizure without probable cause.

**Count Four**

On or about February 26, 2019, the defendant devised a scheme to defraud the VEA Board of Directors of a seat on the Board of Directors. As a part of the scheme, the defendant arrested Angela Evans without probable cause. The defendant knew the scheme to defraud was material in that, under the circumstances, it had a natural tendency to influence, or was capable of influencing, a member of the Board of Directors to part with his or her position. The defendant acted with the intent to deceive the VEA Board of Directors.

As a part of executing the scheme to defraud, the defendant used, or caused the use of, interstate wire transmissions by posting a press release announcing the arrest of Angela Evans to the Nye County Sheriff's Office's Facebook page on the internet.

**VI. SENTENCING FACTORS**

11. <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate.

12. <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court and agree that they will not seek to apply or advocate for the use of any other base offense

level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

**Count One**: Color of Law Violation

| | |
|---|---:|
| Base offense level USSG § 2H1.1 (a)(4): | 6 |
| Color of Law USSG § 2H1.1 (b)(1)(B): | +6 |
| Adjusted Offense Level: | 12 |

**Count Four**: Fraud by Wire

| | |
|---|---:|
| Base offense level USSG § 2B1.1 (a)(1): | 7 |
| Amount of Loss (+$40,000) USSG § 2B.1 (b)(1)(G): | +6 |
| Zero Point Offender USSG § 4C1.1: | -2 |
| Adjusted Offense Level: | 11 |

**Grouping:** USSG § 3D

| | |
|---|---:|
| Group 1: Counts One and Four USSG §§ 3D1.2 (b); 3D1.3: | 12 |
| Combined Offense Level USSG § 3D1.4: | 0 |
| Combined Adjusted Offense Level: | 12 |

13. <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty pleas when defendant enters the pleas; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty pleas; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty pleas; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offenses or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses; (f) attempts to withdraw defendant's guilty pleas; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

14.     <u>Criminal History Category</u>: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

15.     <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct, any aggravating or mitigating facts or circumstances, and any evidence relevant to the determination of the amount of restitution; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty pleas.

## VII. POSITIONS REGARDING SENTENCING

16. The parties agree to jointly recommend that the district court impose a sentence of probation for a period of three (3) years.

17. The parties further agree to the imposition of the following condition of probation:

> Whenever asked or required, the defendant shall disclose the fact of a conviction when making any application for employment and/or when making application for licensure or other authorization issued by any State or Federal regulatory authority.

18. Subject to the limitations herein, the government further agrees not to argue for a period of imprisonment; however, it is free to argue for a period of Home Detention in lieu of imprisonment for a period up to, but not to exceed, one (1) year, as a condition of the imposition of probation in accord with USSG § 5F.2.

19. Defendant is free to argue for the imposition of no Home Detention.

20. Subject to the limitations herein, defendant acknowledges and understands that any sentence of probation imposed by the Court may include such mandatory, discretionary, and standard terms and conditions as provided in USSG § 5B1.3.

21. Subject to the limitations herein, the parties further agree that the government is free to argue for such other terms and conditions of probation as provided for by statute and/or the USSG.

22. To the extent that any Guideline sentence as determined by the Court exceeds the terms agreed to above, the parties agree to jointly recommend a variance under Section 3553(a) from the guideline calculation to arrive at the agreed upon terms set forth above.

23. Defendant acknowledges and understands that the district court does not have to follow the recommendation of either party when imposing sentence.

24. Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

25. If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty pleas.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

26. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty;

    b. The right to a speedy and public trial by jury;

    c. The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

    d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e. The right to confront and cross-examine witnesses against defendant;

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h. The right to pursue any affirmative defenses; Fourth Amendment or Fifth Amendment claims; any other pretrial motions that have been or could have been filed; and challenges to any adverse pre-trial rulings.

## IX. WAIVER OF APPELLATE RIGHTS

27. <u>Waiver of Appellate Rights</u>: Defendant knowingly and expressly waives the right to appeal: (a) any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; (c) any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; and (d) any other aspect of the sentence, including but not limited to the constitutionality of any mandatory or standard conditions of supervised release; the denial of any motion for early termination of supervised release; and any order of restitution or forfeiture.

28. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

29. <u>Waiver of Post-Conviction Rights</u>: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

# XI. RESULT OF WITHDRAWAL OF GUILTY PLEAS OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

30. <u>Consequence of Withdrawal of Guilty Pleas</u>: Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

31. <u>Consequence of Vacatur, Reversal, or Set-aside</u>: Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement; (b) ask the district court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement; or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO, and that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute

of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

32. Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty pleas; and (b) the USAO will be relieved of all its obligations under this agreement.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

33. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

34. Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

35. Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

36. Defendant acknowledges that:

   a. Defendant has read this agreement and understands its terms and conditions.

   b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

   c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

   d. Defendant understands the terms of this agreement and voluntarily agrees to those terms.

   e. Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

   f. The representations contained in this agreement are true and correct, including the factual basis for defendant's offenses set forth in this agreement.

g. Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

37. Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty pleas knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

38. Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

39. Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

40. Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

### XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

41. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

1   Acting United States Attorney

2

3   STEVEN W. MYHRE                                          Date
    JUSTIN W. WASHBURNE
4   Assistant United States Attorney

5

6                                                            03/06/2025
    DAVID E. BORUCHOWITZ                                     Date
7   Defendant

8

9                                                            03/06/2025
    CRANE M. POMERANTZ                                       Date
10  AUSTIN BARNUM
    Attorneys for Defendant Boruchowitz
11

12

13

14

15

16

17

18

19

20

21

22

23

24

18

**AGREED AND ACCEPTED**

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

SUE FAHAMI
Acting United States Attorney

_/s/_  3-7-2025
STEVEN W. MYHRE                           Date
JUSTIN W. WASHBURNE
Assistant United States Attorney


_____    _____
DAVID E. BORUCHOWITZ              Date
Defendant


_____    _____
CRANE M. POMERANTZ                Date
AUSTIN BARNUM
Attorneys for Defendant Boruchowitz